## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY ROZANSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHEAST ILLINOIS REGIONAL | ) | |
| COMMUTER RAILROAD CORPORATION | ) | |
| d/b/a METRA, | ) | PLAINTIFF DEMANDS TRIAL |
| | ) | BY JURY |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JEFFREY ROZANSKI, by and through his attorneys, RIDGE & DOWNES, and for his cause of action again the Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, states and alleges as follows:

## PARTIES

1. The Plaintiff, JEFFREY ROZANSKI, (hereinafter referred to as "ROZANSKI") was, and at all times herein mentioned, a resident of Will County, Illinois.

2. Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION D/B/A METRA, (hereinafter "METRA") is now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. METRA, at all relevant time, does business as a common carrier by rail in counties in Illinois to include the County of Cook. METRA, also, owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook, State of Illinois.

3.     At all times relevant, Defendant, METRA, was and is subject to the provisions of the Federal Railroad Safety Act, including the Whistle Blower provisions of 49 U.S.C. 20109 as it relates to the employment of ROZANSKI by METRA.

4.     At all times relevant, Defendant, METRA, was and is subject to the provisions of the Federal Employers Liability Act, 45 U.S.C. §§56 *et al.* (FELA)

5.     At all times relevant, ROZANSKI, was an employee of METRA and assigned to the Kensington Tower that is owned, operated and controlled by METRA located in City of Chicago, County of Cook, Illinois.

## JURISDICTION AND VENUE

6.     All acts that plaintiff has alleged in this complaint have occurred in this District.

7.     This Court has jurisdiction over the defendant, METRA, and venue is proper in this court under 28 U.S.C. § 1331 since this is a civil action brought pursuant to the Federal Rail Safety Act. (FRSA) as amended, 49 U.S.C. § 20109 *et seq* 29 C.F.R. Part 1982; 29 CFR § 1982.114 and the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 56.

## COUNT I (FELA)

Plaintiff, ROZANSKI, for his first cause of action against the Defendant, METRA, herein states and alleges as follows:

1-5.     Plaintiff, ROZANSKI, adopts and realleges paragraphs 1 through 5 as paragraphs 1 through 5 of Count I.

8.     ROZANSKI was a signal maintainer for METRA.

9.      On June 12, 2015, at approximately 10:30 a.m. ROZANSKI in the course of his work day at the Kensington Tower was reattaching the BX-240 wire to the rectifier.

10.     That while ROZANSKI was performing this work, his supervisor suddenly and without warning turned on the circuit breaker, thus electrocuting ROZANSKI.

11.     Plaintiff suffered serious and permanent injuries to his arm in whole or in part, by METRA's negligence, specifically:

    a.      Defendant negligently failed to provide Plaintiff with a reasonably safe place to work;

    b.      Defendant negligently failed to reasonably inspect and/or maintain the specific area where Plaintiff was working;

    c.      Defendant negligently allowed the circuit breaker to be turned on while the Plaintiff was reattaching the BX-240 wire to the rectifier.

    d.      Defendant negligently failed to reasonably inspect an area where Defendant knew or should have known workers would be required to perform their duties.

    e.      Defendant negligently created and permitted a dangerous and hazardous conditions to exist in the area where the Plaintiff was working.

    f.      Was otherwise careless and negligent;

12.     As a result, in whole or in part, of Defendant, METRA's negligence, as set forth above, Plaintiff suffered serious and permanent injury to his left arm; Plaintiff has received in the past and will in the future receive medical treatment for his injuries, in costs Plaintiff is unable to accurately determine at this time; Plaintiff has in the past and will in the future suffer emotional and physical pain;

13.     As a further result, in whole or in part, of Defendant METRA's negligence, as set forth above, Plaintiff has in the past and will in the future lose wages and/or suffer a loss of diminution of earning capacity, including loss of fringe benefits in an amount Plaintiff is unable to accurately estimate at this time;

14.     By reason of each and all of the facts stated above, Plaintiff has suffered damages in an amount to be proved at trial.

WHEREFORE, Plaintiff asks this Court to enter judgement in his favor and against the Defendant, METRA, in such an amount sufficient to fully compensate Plaintiff, ROZANSKI, for damages and injuries to be proven at trial for his costs and disbursement.

## COUNT II (FRSA)

Plaintiff, ROZANSKI, for his second cause of action against METRA, herein states and alleges as follows:

1-14.   Plaintiff, ROZANSKI, adopts and realleges paragraphs 1 through 14 of Count I as if originally pled herein.

15.     ROZANSKI's injury occurred when he was electrocuted as he was performing his work assignment. ROZANSKI felt immediate sharp and severe pain which caused him to miss time from work.

16.     ROZANSKI reported his injury and completed an Incidental Injury Report on June 12, 2015 and sought medical treatment.

13.     On July 14, 2015 METRA sent ROZANSKI a "Notice of Investigation" charging him with failing to notify Metra of a medical diagnosis for an injury reported on June 12, 2015 and failed to notify Metra of his use of prescribed medication on the job.

14.     An investigation was held on August 12, 2015 in, Chicago, Illinois.

15.    METRA issued a Notice of Investigation and Investigation in retaliation for ROZANSKI reporting his work-related injury, in an attempt to harass and intimidate him.

18.    That METRA's conduct was intended to intimidate and harass ROZANSKI.

19.    The FRSA was specifically violated and that the charged proceeded to arbitration were subsequently dismissed and that ROZANSKI was cleared of any wrong doing with no discipline imposed.  That the unlawful acts of METRA as a time when plaintiff was recovering from the medical treatment he received as a result of his injury served to intimidate him.

20.    That METRA's conduct was clearly intended to intimidate Plaintiff and that Defendant's conduct as described herein was in clear violation of ROZANSKI's rights under the Federal Railroad Safety Act, as amended, 49 U.S.C. § 20109 *et seq* 29 CFR Part 1982; 29 CFR § 1982.114.

21.    That on or about January 6, 2016, Plaintiff filed a complaint with OSHA against Defendant contending the same allegations made herein and was assigned Cause No. 5-1260-16-045 and on October 11, 2016 Plaintiff, pursuant to 29 CFR § 1982.114,  was notified by the Assistant Secretary, the Regional Administrator of OSHA and the Associate Solicitor, Division of Fair Labor Standards,  U.S.D.O.L., that since the Secretary of Labor had not issued a final decision and 210 days had passed since the filing of the Complaint with OSHA and that there was no showing that the delay was due to bad faith of the Plaintiff, the Plaintiff would be allowed to file his Complaint in the United States District Court for the Northern District of Illinois

22.    Plaintiff has satisfied all administrative prerequisites and that a copy of this Complaint has been filed with the Assistant Secretary, and this Complaint is timely and properly filed in this Court pursuant to 29 CFR § 1982.114.

23.     As a result of Defendant's violation of 49 U.S.C. § 20109 *et seq*, Plaintiff has suffered and continues to suffer consequential compensatory damages for which relief is sought herein and which are properly recoverable  under the provision of 49 U.S.C. § 20109, including reinstatement, compensatory and punitive relief available under the law with costs and other damages, and attorney's fees that will discourage the defendant from continuing it retaliatory course of conduct against employees who report personal injuries, seek medical treatment or unsafe practices and procedures at the work place.

WHEREFORE, Plaintiff respectfully prays that judgement be entered against Defendant METRA in a sum which is fair and reasonable and in an amount which will fully and completely compensate him and for such other and further relief to which he may appear entitled.

## COUNT III (FELA)

Plaintiff, ROZANSKI, for his first cause of action against the Defendant, METRA, herein states and alleges as follows:

1-5.    Plaintiff, ROZANSKI, adopts and realleges paragraphs 1 through 5 as paragraphs 1 through 5 of Count III.

6.      ROZANSKI was a signal maintainer for METRA.

15.     On September 11, 2015, at approximately 10:30 a.m. ROZANSKI in the course of his work day at the Kensington Tower was driving to the Tower from the Kensington Interlocking Station.

16.     That while ROZANSKI was performing this work, and while in the Defendant's vehicle driving to the Kensington Tower, he was forced to drive down a pot hole filled roadway on Defendant's Kensington property causing ROZANSKI's body to be thrown about inside the vehicle causing injuries to his neck and back..

17.    Plaintiff suffered serious and permanent injuries to his arm in whole or in part, by METRA's negligence, specifically:

    g.    Defendant negligently failed to provide Plaintiff with a reasonably safe place to work;

    h.    Defendant negligently failed to reasonably inspect and/or maintain the specific area where Plaintiff was working;

    i.    Defendant negligently allowed the roadway in which ROZANSKI was forced to travel upon to remain in a state of disrepair.

    j.    Defendant negligently failed to reasonably inspect an area where Defendant knew or should have known workers would be required to perform their duties.

    k.    Defendant negligently created and permitted a dangerous and hazardous conditions to exist in the area where the Plaintiff was working.

        a.    Defendant failed to conduct a job briefing to advise of the situational hazards involved in the task of driving on said roadway

    l.    Was otherwise careless and negligent;

18.    As a result, in whole or in part, of Defendant, METRA's negligence, as set forth above, Plaintiff suffered serious and permanent injury to his neck and back; Plaintiff has received in the past and will in the future receive medical treatment for his injuries, in costs Plaintiff is unable to accurately determine at this time; Plaintiff has in the past and will in the future suffer emotional and physical pain;

19.    As a further result, in whole or in part, of Defendant METRA's negligence, as set forth above, Plaintiff has in the past and will in the future lose wages and/or suffer a loss of diminution

of earning capacity, including loss of fringe benefits in an amount Plaintiff is unable to accurately estimate at this time;

20.     By reason of each and all of the facts stated above, Plaintiff has suffered damages in an amount to be proved at trial.

WHEREFORE, Plaintiff asks this Court to enter judgement in his favor and against the Defendant, METRA, in such an amount sufficient to fully compensate Plaintiff, ROZANSKI, for damages and injuries to be proven at trial for his costs and disbursement.

Respectfully submitted,

Ridge & Downes

By: ___/s/James T. Farnan_____
                    James T. Farnan
                    Attorney for Plaintiff

Ridge & Downes
101 N. Wacker Drive
Suite 200
Chicago, IL 60606
(312) 372-8282